UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HOULEY MOUSTAPHA SY, et al.,

        Petitioners,

        v.

FIELD OFFICE DIRECTOR OF NEW
JERSEY, et al.,

        Respondents.

Civil Action No. 25-17004 (MAS)

ORDER

        This matter comes before the Court on a habeas petition filed by Houley Moustapha Sy purportedly acting as next friend on behalf of her husband, Alioune Sy, challenging Alioune's ongoing immigration detention.  (ECF No. 1).  Petitioners, however, have not paid the applicable five dollar filing fee for this habeas matter, and have also not sought to proceed *in forma pauperis.* As Petitioners have neither paid the applicable fee nor filed a complete *in forma pauperis* application, this matter must be administratively terminated until they either pay the fee or show an entitlement to proceed *in forma pauperis.*

        Moving beyond the fee issue, Petitioner Houley Moustapha Sy filed this matter, purporting to act as next friend for her husband while proceeding pro se in this matter.  Generally, a person who is not acting as an attorney may not file a habeas petition on behalf of another. *See, e.g., Jenicek v. Sorenson Ranch Sch., Utah*, No. 14-4422, 2014 WL 7332039, at *2 (D.N.J. Dec. 16, 2014). Under the "next friend" doctrine established in *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990), however, some courts have held that a close relative may, under certain circumstances, bring a "next friend" petition on behalf of a minor or other incapacitated individual. *Jenicek*, 2014 WL 7332039, at *2; *see also Amerson v. State of Iowa, Dep't of Human Servs.*, 59 F.3d 92, 93 n.3 (8th Cir. 1995); *Carner v. Davis*, 988 F. Supp. 2d 33, 36 (D.D.C. 2013). In order to establish

jurisdiction for a next friend petition, however, a petitioner must, at a minimum "show 'why [the] real party in interest cannot prosecute [the] habeas petition, that [the] next friend is truly dedicated to [the] best interests of [the] person on whose behalf she litigates, and that she has some special relationship with [the] real party in interest." *Jenicek*, 2014 WL 7332039, at *2 (quoting *Amerson*, 59 F.3d at 93 n.3); *see also Lehman v. Lycomng Cnty. Children's Servs. Agency*, 458 U.S. 502, 509-12 (1982). Where a habeas petition that affects an individual's substantial rights is filed on behalf of one who is incapable of bringing the case on his own, the person acting as next friend must also ordinarily retain counsel, and in cases in which the true party in interest is incompetent or underage, is actively required to do so. *See Bush v. Goodall*, 732 F. App'x 135, 137-38 (3d Cir. 2018).

Here, Houley Moustapha Sy has not retained counsel, and asserts, but does not clearly establish, that her husband is incapable of filing a habeas petition on his own behalf while detained. In the absence of counsel able to represent her husband's interests and protect his substantial rights, and in the absence of a clear showing that her husband is incapable of pursuing his own rights, as opposed to merely having difficulty in doing so, the Court cannot find at this time that next friend jurisdiction is warranted. Petitioners shall therefore be directed to show cause within thirty days as to why this Court should permit Houley Moustapha Sy to proceed as next friend without the hiring of counsel. Failure to do so shall result in this matter being dismissed without prejudice.

Finally, the Court notes that Petitioners name as Respondents in this matter the field director of a local ICE office, the DHS secretary, and the Attorney General. They have not, however, named the warden of Delaney Hall in which Petitioner Alioune Sy is detained. The sole proper respondent in an immigration habeas matter, however, is the warden of the facility in which the petitioner is being detained – in this case the Warden of the Delaney Hall facility. *See Rumsfeld*

*v. Padilla*, 542 U.S. 426, 436 (2004); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994). The three current respondents shall therefore be dismissed from this matter without prejudice, and the Clerk shall be directed to amend the caption of this matter to name as a Respondent the Warden of Delaney Hall.

IT IS THEREFORE, on this 4th day of December, 2025, **ORDERED** that:

1. Respondents Noem, Bondi, and the Field Office Director of New Jersey are **DISMISSED WITHOUT PREJUDICE** from this matter;

2. The Clerk of the Court shall amend the caption of this matter to name the Warden of Delaney Hall as a Respondent in this matter;

3. The Clerk of the Court shall administratively terminate this case; Petitioners are informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs");

4. The Clerk of the Court shall forward Petitioners a blank form Application to Proceed In Forma Pauperis in a Habeas Corpus Case, for use by a prisoner;

5. If Petitioners wish to reopen this case, they shall so notify the Court, in writing addressed to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; Petitioners' writing shall include either a complete *in forma pauperis* application or the applicable five dollar filing fee;

3

6. Upon receipt of a writing from Petitioners stating that their desire to reopen this case, accompanied by either the filing fee or a complete *in forma pauperis* application, the Clerk of the Court will be directed to reopen this case;

7. Petitioners are ordered to show cause within thirty (30) days as to why Houley Moustapha Sy should per permitted to proceed in this matter as next friend in the absence of counsel; failure to do so may result in this matter being dismissed without prejudice for lack of standing; and

8. The Clerk of the Court shall serve a copy of this Order upon Petitioners by regular mail.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

4